UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TOMASA GABRIELLA BOLANOS-REYNOSO**,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>**THOMAS J. VILSACK**,<br><br>　　　　　Defendant. | Case No. 1:24-cv-00547 (TNM) |

## MEMORANDUM OPINION

　　Plaintiff Tomasa Bolanos-Reynoso brings this suit, alleging that her employer, the U.S. Department of Agriculture, has failed to accommodate her disabilities under the Rehabilitation Act of 1973, Pub. L. No. 93-112, 87 Stat. 355, as amended. *See* Compl. ¶¶ 69–77, ECF No. 1.

　　Bolanos-Reynoso sued on February 27, 2024. *See generally* Compl. That meant she had until May 28 to serve the Defendant, Thomas Vilsack, the Secretary of Agriculture. Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ. P. 6(a)(1)(C), (a)(6)(A) (calculating time). The Court reminded her of this obligation on May 1, over three weeks prior to the deadline. May 1, 2024, Minute Order. On May 27, her attorney filed what he claimed was proof of service. ECF No. 8.

　　That service was deficient. Bolanos-Reynoso's lawsuit is directed at a federal officer in his official capacity. Compl. ¶ 6. Thus, she must both "serve the United States" *and* serve that officer. Fed. R. Civ. P. 4(i)(2). Serving the United States requires her to "deliver a copy of the summons and of the complaint to the United States attorney" for the forum district or his civil-process clerk, along with the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1).

　　The United States was never served. Although Bolanos-Reynoso submitted proof of service on *the defendant officer*, ECF No. 8, she submitted nothing to suggest she ever served

either the United States Attorney or the Attorney General.  She therefore failed to properly serve process in this case, and thus defaulted on her Rule 4(m) obligation to do so within 90 days.

That leaves the Court with two options:  It "must" either "dismiss the action without prejudice . . . or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  There is no reason to again order Bolanos-Reynoso to timely serve process.  The Court already did so once, May 1, 2024, Minute Order, to no avail.  And Plaintiff is represented by attorneys who are familiar enough with federal court practice to abide by Rule 4's standard rules.

More, there is no basis for an extension of time either.  Under Rule 4(m), the Court must extend the time to serve a defendant if the plaintiff identifies "good cause" to do so.  Fed. R. Civ. P. 4(m).  But Bolanos-Reynoso "made no attempt to demonstrate good cause . . . before the deadline for service . . . passed."  *Morrissey v. Mayorkas*, 17 F.4th 1150, 1158 (D.C. Cir. 2021).  Separately, Rule 4(i)(4) requires the Court to extend the time for service "if the party has served either the United States attorney or the Attorney General of the United States."  Fed. R. Civ. P. 4(i)(4)(A).  But Bolanos-Reynoso *hasn't* served the United States Attorney or the Attorney General.  So this rule does not apply either.  *Morrissey*, 17 F.4th at 1159.  Indeed, this provision implies that an extension is unwarranted where a plaintiff, like Bolanos-Reynoso, has served neither officer.  *Accord Morrissey v. Wolf,* 333 F.R.D. 1, 3 (D.D.C. 2019), *aff'd sub nom., Morrissey v. Mayorkas,* 17 F.4th 1150 (D.C. Cir. 2021).  In sum, there is no reason to extend the time to serve Defendants.

So, the Court will order that this case be dismissed without prejudice.  A separate Order to that effect will issue today.

Dated: June 3, 2024                                                       TREVOR N. McFADDEN, U.S.D.J.