UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TOMASA GABRIELLA BOLANOS-REYNOSO**, <br><br> Plaintiff, <br><br> v. <br><br> **THOMAS J. VILSACK**, Secretary, U.S. Department of Agriculture, <br><br> Defendant. | Case No. 1:24-cv-00547 (TNM) |

### MEMORANDUM ORDER

Plaintiff Tomasa Gabriella Bolanos-Reynoso sued the Secretary of Agriculture for alleged violations of the Rehabilitation Act, 29 U.S.C. § 791, *et seq*. Compl, ECF No. 1. Recently, the Court dismissed the case without prejudice after finding Tomasa failed to file timely proof of service. Order, ECF No. 10. Tomasa now moves for relief from judgment under Federal Rule of Civil Procedure 60(b).[1] Pl.'s Mot. Recons., ECF No. 11. Because the Court finds that the failure to file timely proof of service was due to excusable neglect, relief from dismissal is warranted. Tomasa will thus be allowed to retroactively amend her proof of service, and her case will be reopened.

I.

Tomasa filed her Complaint against the Secretary on February 27, 2024. Compl. So she needed to serve the Secretary by May 28. Fed. R. Civ. Pro. 4(m). Because she was suing an officer of the United States in his official capacity, she had to jump through more hoops—she

---

[1] Tomasa also moves for reconsideration under Rule 59(e). Because the Court grants Rule 60 relief, it will not address her 59(e) arguments.

needed to serve the United States Attorney for the District of Columbia and the United States Attorney General by the same deadline. Fed. R. Civ. Pro. 4(i), (m); *see also Morrissey v. Wolf*, 333 F.R.D. 1 (D.D.C. 2019), *aff'd sub. nom., Morrissey v. Mayorkas*, 17 F.4th 1150 (D.C. Cir. 2021).

But by May 28, Tomasa had only filed proof that she served the Secretary. *See* Return of Service Aff., ECF No. 8. Her proof of service filing contained only one affidavit. It asserted that the Secretary had been served, but no one else. *Id.* at 1; *see also* Fed. R. Civ. Pro. 4(l) ("proof of service must be made to the court . . . by the server's affidavit."). So the Court dismissed the case for failure to timely prove proper service. Mem. Op., ECF No. 9, at 2 (noting that Tomasa "submitted nothing to suggest she ever served either the United States Attorney or the Attorney General.").

Tomasa then brought this motion for relief under Rule 60(b)(1), claiming that her failure to file proper proof of service before the deadline "arose from a mistake or excusable neglect." Pl.'s Mem. Supp. Mot. Recons., ECF No. 11-1, at 1. She thus "asks the Court['s] permission to amend the proof of service previously filed" and allow her "to proceed to litigation of her case on the merits." *Id.* at 2.

## II.

Rule 60(b)(1) permits a court to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." In general, "[e]xcusable neglect is an equitable concept that considers all relevant circumstances surrounding the failure to act." *Cohen v. Bd. of Trustees of Univ. of D.C.*, 819 F.3d 476, 479 (D.C. Cir. 2016) (cleaned up). The Supreme Court has set forth four nonexhaustive factors to guide courts in this inquiry: (1) "the danger of prejudice to the party opposing the modification," (2) "the length of delay and its potential

2

impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993)).

A Rule 60(b) movant must also assert a potentially meritorious claim or defense—in other words, she "must show that vacating the judgment will not be an empty exercise or a futile gesture." *FG Hemisphere Assocs., LLC v. Democratic Republic of Congo*, 447 F.3d 835, 842 (D.C. Cir. 2006) (cleaned up). And "the decision to grant or deny a Rule 60(b) motion is committed to the discretion of the District Court." *United Mine Workers of Am. 1974 Pension v. Pittston Co.*, 984 F.2d 469, 476 (D.C. Cir. 1993).

### III.

Tomasa argues she has a right to Rule 60(b) relief because her failure to timely serve the Attorney General stemmed from her counsel's "failure to request the additional 'return receipt' service provided by the United States Postal Service upon first mailing." Pl.'s Mem. Supp. Mot. Recons. at 9. Counsel mailed service on May 6 and thought all was fine. *Id.* at 7. Two weeks later, she realized she had failed to request a return receipt for the first round of service. *Id.* So she served the U.S. Attorney again on May 20. *Id.* This service was delivered on May 29—a day after the 4(m) deadline. *Id.* And counsel received notice of receipt on June 4. *Id.* Likewise, counsel mailed service to the U.S. Attorney's Office on May 6, but she failed to request a return receipt. *Id.* at 6, n.2. When she realized her mistake on May 20, she filed service via email, as permitted by the U.S. Attorney's Office. *Id.* But she failed to prove that virtual service with a proper affidavit. *See id.* at 6–7, Ex. A.

3

On balance, the Court finds that these errors constitute excusable neglect.  *See Pioneer Inv. Servs. Co.*, 507 U.S. at 395 (listing pertinent factors to weigh for excusable neglect analysis).  True, the third *Pioneer* factor—reason for the delay—weighs against granting relief.  *Id.*  After all, it was "within [Tomasa's] control to track court deadlines and to be aware of the Federal Rules of Civil Procedure, particularly as [s]he was represented by counsel."  *Morrissey*, 17 F.4th at 1163.  Still, "garden variety attorney inattention" does not categorically foreclose a finding of excusable neglect, particularly where the other *Pioneer* factors point towards relief.  *In re Vitamins*, 327 F.3d at 1209.  And "excusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence."  *Pioneer Inv. Servs. Co.*, 507 U.S. at 394 (cleaned up).

The rest of the *Pioneer* factors tilt in Tomasa's favor.  First, there is little "danger of prejudice" to the Defendants, given none of them had even appeared when the case was dismissed.  *Id.* at 395.  So no efforts or resources will have gone to waste if the case is allowed to proceed.  *FG Hemisphere Assocs.*, 447 F.3d at 840 ("Prejudice under Rule 60(b)(1) appears typically and properly to contemplate costs that reconsideration of the final judgment would inflict on the non-moving party" beyond "simple exposure to adjudication.").  Second, the length of delay was short—Tomasa moved for reconsideration just three days after dismissal.  Pl.'s Mot. Recons.; *see also Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (finding 60(b) motion "within two weeks of the entry of judgment" was "speed[y]").  And the delay has a negligible impact, as it is unlikely that evidence has been lost or memories faded within a few months.  *Cf. Brown v. JP Morgan Chase*, 2019 WL 3854765, at *3 (D.D.C. May 10, 2019) (noting that delay of four years "risk[ed] loss of evidence").  Finally, Tomasa acted in good faith.  There is nothing to suggest that the filing errors were anything more

than inadvertence by her attorney. *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) ("[T]here is no evidence that [Plaintiff] acted with anything less than good faith. H[er] errors resulted from negligence and carelessness, not from deviousness or willfulness."). In sum, the *Pioneer* factors weigh towards granting the Rule 60(b) motion.

There are other reasons the Court finds relief proper here. For one, it accords with "the basic policy favoring resolution of litigation on the merits." *Spann v. Commissioners of D.C.*, 443 F.2d 715, 716 n.1 (D.C. Cir. 1970) (affirming 60(b) relief "where denial of the motion [would] preclude[] consideration of the merits of the controversy."). Indeed, "a technical error or a slight mistake by plaintiff's attorney should not deprive plaintiff of the opportunity to present the true merits of h[er] claims." *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980). Further, refusal to reopen the case would cause serious prejudice to Tomasa, as the statute of limitations on her claim has run. Pl.'s Mem. Supp. Mot. Recons. at 10–11; *see also Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009) ("Although prejudice to the movant is not an explicit *Pioneer–Briones* factor," it is often "one of the relevant circumstances that should be considered when evaluating excusable neglect.") (cleaned up). These other factors counsel towards granting the motion.

Finally, Tomasa "demonstrate[s] a meritorious claim or defense to the motion upon which the district court dismissed the complaint." *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995) (cleaned up). The Court dismissed the Complaint for failure to timely file valid proof of service. Tomasa has shown in her Motion for Reconsideration that all parties have been properly served and that she is ready to present proper proof of service for each party. Pl.'s Mem. Supp. Mot. Recons. Exs. A, B. Thus Tomasa has established a meritorious defense to the dismissal.

For all of these reasons, the Court will grant 60(b) relief.

**IV.**

In accordance with the foregoing, the Court **ORDERS** that the Rule 60(b) Motion for Relief from Judgment by Plaintiff Tomasa Gabriella Bolanos-Reynoso is **GRANTED**. Tomasa is directed to amend her return of service to contain the proper proof within two weeks from today. The Clerk of Court is requested to reopen the case.

**SO ORDERED**.

Dated: October 18, 2024                                     TREVOR N. McFADDEN, U.S.D.J.