UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TOMASA GABRIELLA BOLANOS-REYNOSO,<br><br>      Plaintiff,<br><br>      v.<br><br>THOMAS VILSACK, Secretary of Agriculture,<br><br>      Defendant. | Civil Action No. 24-0547 (TNM) |

## JOINT MEET AND CONFER REPORT

The parties, having conferred through their counsel, respectfully submit this Status Report and Proposed Schedule to the Court, in accordance with this Court's November 4, 2024, Order for Initial Scheduling Conference, Local Rule 16.3(c) and Federal Rule of Civil Procedure ("Rule") 26(f).

### Plaintiffs' Statement of the Case

Plaintiff Tomasa Gabriella Bolanos-Reynoso ("Plaintiff" or "Bolanos-Reynoso," a former employee of the U.S. Department of Agriculture ("USDA" or "Agency"), is a qualified individual with a disability pursuant to the standards imposed by the Rehabilitation Act. Ms. Bolanos-Reynoso requested disability accommodations from the USDA, which the USDA then failed to provide. The USDA discriminated against Ms. Bolanos-Reynoso by failing to fulfill her accommodations requests, or, in the alternative, failure to offer reasonable alternative accommodations.

**Defendant's Statement of the Case**

Plaintiff, a former employee at the U.S. Department of Agriculture ("USDA" or "Agency"), alleges that the Agency failed to accommodate her disability in violation of the Rehabilitation Act. Defendant denies that it failed to accommodate her disability under the Rehabilitation Act.

**Matters Discussed by the Parties Pursuant to Local Civil Rule 16.3**

**1.     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

Plaintiff has not filed a dispositive motion and is not aware of any dispositive motion having been filed by Defendant at this time. Plaintiff does not anticipate filing a dispositive motion in this matter.

Defendant believes that this case can be resolved with a motion for summary judgment after the close of discovery.

**2.     The date by which any other parties shall be joined, or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties do not anticipate that any additional parties will be joined. The parties agree that any motions to join additional parties or amend the pleadings should be filed by <u>January 31, 2025</u>. The parties will continue working together to determine if the factual or legal issues in this matter can be narrowed through joint stipulations.

**3.     Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties are not in agreement about referral of the case to a Magistrate Judge for all purposes, including trial.

**4.     Whether there is a realistic possibility of settling the case.**

The parties will assess the possibility of settlement as litigation in this case progresses and may request a referral to mediation if both parties believe that mediation is reasonably likely to result in resolution of the case.

**5.     Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

Settlement discussions have not yet taken place, however the parties will assess the possibility of settlement as litigation in this case progresses and may request a referral to mediation if both parties believe that mediation is reasonably likely to result in resolution of the case.

Plaintiff believes that ADR would likely be most appropriate after the close of written discovery and prior to the taking of depositions in this matter, when both parties have a clearer picture of the facts and issues that remain in dispute but prior to incurring significant additional expense. Plaintiff believes that ADR would likely be most effective prior to judicial resolution of key legal issues.

**6.     Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Plaintiff does not believe the case can be resolved by summary judgment or a motion to dismiss.

Defendant anticipates filing a motion for summary judgment at the close of discovery and believes that this case can be decided by way of dispositive motion.

In the event that the Defendant moves for summary judgment, the parties propose that any motion(s) shall be filed by January 30, 2026; that the responding party shall have until March 16, 2026, to file an Opposition; and that the moving party shall have until April 16, 2026, to reply.

**7. Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form, or timing of those disclosures.**

The parties agree to exchange initial disclosures pursuant to Rule 26(a)(1) on January 17, 2025. No changes are needed to the scope, form, or timing of such disclosures. Consistent with Rule 26(a)(1), the initial disclosures will include a description of all materials in each party's possession, custody, or control that it may use to support its claims or defenses, unless the use would be solely for impeachment or rebuttal.

**8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties request that discovery begin on January 17, 2025, and end on October 31, 2025. The parties propose the schedule for discovery as set forth in the Proposed Scheduling Order.

The Parties agree that the limits found in the applicable Federal Rules of Civil Procedure should apply: (i) Interrogatories: 25 per side; (ii) Requests for Production of Documents: 25 per side; and (iii) Requests for Admissions: 25 per side. It is understood that one or both parties may seek leave from the Court to increase this limit at a future time, with the other party preserving its

right to object. Pursuant to the Proposed Scheduling Order, written discovery will be completed by June 17, 2025.

The parties agree that each deposition taken shall not exceed one day of seven hours, without leave of the Court. The parties agree that they will make reasonable efforts to agree on dates and times for depositions convenient to the deponent, counsel, and the parties. The parties will limit themselves to five (5) non-party, non-expert witness depositions. If either party believes additional depositions are necessary, the parties will confer and seek leave of court.

The parties believe that a protective order is necessary given the confidential medical information likely to be exchanged in discovery and will work together to file a proposed protective order with the Court.

**9.   Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The parties have agreed to produce videos, photographs, and recordings, if any, in their native formats to include "BMP," "JPG," "WAV," "WMA," "AVI," "MP3," "MP4," or any other electronic format. If necessary the parties will address issues related to electronic discovery as they arise. The parties do not anticipate any issues relating to the preservation of electronic information.

Absent an agreement of the parties, a party shall have no obligation to transfer information that is not stored or maintained in an electronic format into an electronic format for purposes of discovery. In such case, the parties agree to produce such records not available in electronic format in hard copy format. Metadata will not be produced unless so requested by a party with request to a specific document or file.

Voluminous discovery materials may be served by providing an email notice, and by sending/receipt via secure online document transfer system (e.g., Sharefile or Dropbox) on the

same day as email notice, or sending for next day delivery the voluminous materials by DVD, thumb drive, or other mass storage, machine-readable media.

The parties agree that they will serve by email or electronic means all discovery requests and written responses and any other papers that are not filed unless doing so is not technically feasible in which case those documents will be served via first-class mail or overnight delivery.

**10.   Any issues about claims of privilege or of protection as trial-preparation materials, including - if the parties agree on a procedure to assert these claims after production - whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

Any party that withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material shall: (i) expressly make such claim; (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed and do so in a manner that, without revealing information itself that is privileged or protected, will enable other parties to assess the claim.

The inadvertent production of documents or information which the producing party contends is privileged or protected shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502.

**11.   Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.**

The Parties propose that should Plaintiff designate expert(s), Plaintiff will provide a written report consistent with Fed. R. Civ. P. 26(a)(2)(B) by <u>July 17, 2025</u>. Defendant requests that should Defendant designate expert(s), Defendant will provide a written report consistent with Fed. R. Civ.

P. 26(a)(2)(B) no later than <u>September 17, 2025</u>. Rebuttal disclosures will be due by October 1, 2025.

After expert reports, if any, are exchanged, the Parties anticipate taking depositions at a mutually agreeable time, but no later than the date on which discovery ends, October 31, 2025. The Parties agree that all other requirements of Federal Rule of Civil Procedure 26 regarding experts shall apply.

**12.     In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

N/A

**13.     Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties do not anticipate the need for either discovery or trial to be bifurcated or otherwise managed in phases.

**14.     The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties propose that the date for the pretrial conference be set after the Court has issued a ruling on the parties' dispositive motions or at the Court's convenience.

**15.     Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties propose that the trial date be set at the final pretrial conference, or at the Court's

convenience.

**16.   Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties submit their proposed discovery scheduling order below. In addition to the dates noted above, the parties will file their Rule 26(a)(3) disclosures and a list of exhibits to be used at trial, a list of witnesses to be called at trial, and a written stipulation of uncontested facts on or before the date of the final pretrial conference.

The parties request that the Court adopt this discovery plan. Should the Court do so, the parties request that the Court waive their appearances at the Initial Scheduling Conference scheduled for January 10, 2025 at 10:30am.

**SO STIPULATED:**

Date: December 23, 2024

[Signature Blocks on Following Page]

\*       \*       \*

| | |
|---|---|
| _____/s Joshua Erlich_____<br>Joshua Erlich (DC Bar No. 1011008)<br>Katherine Herrmann (DC Bar No. 1034189)<br>THE ERLICH LAW OFFICE, PLLC<br>2111 Wilson Blvd, Suite 700<br>Arlington, VA 22201<br>Tel: (703) 791-9087<br>Fax: (703) 722-8114<br>jerlich@erlichlawoffice.com<br>kherrmann@erlichlawoffice.com<br><br>*Counsel for the Plaintiff* | MATTHEW M. GRAVES, D.C. Bar #481052<br>United States Attorney<br><br>BRIAN P. HUDAK<br>Chief, Civil Division<br><br><br>BY: ___/s/ Erika Oblea_____<br>ERIKA OBLEA, DC Bar #1034393<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>601 D St., N.W.<br>Washington, D.C. 20530<br>Telephone: (202) 252-2567<br>erika.oblea@usdoj.gov<br><br>*Attorneys for the United States of America* |

9